UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZANE HUBBARD, | ) 1:14-cv-00043 LJO GSA HC |
|        Petitioner, | ) |
|    v. | ) FINDINGS AND RECOMMENDATION |
| | ) REGARDING PETITION FOR WRIT OF HABEAS |
| | ) CORPUS |
| STATE BAR OF CALIFORNIA, | ) |
|        Respondent. | ) |
| | ) |

      Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

      Petitioner is currently in the custody of the California Department of Corrections and Rehabilitation at California State Prison, Corcoran. He provides no details on the conviction for which he is incarcerated. He names the State Bar of California as the respondent and makes vague, unintelligible claims concerning members of the California Supreme Court and State Bar of California. He further claims he received ineffective assistance of counsel, but makes multiple, unsupported, and generalized claims of counsel lying, slandering, acting in a conflict of interest, allowing false evidence, and volunteering irrelevant and personal information. He also claims he was wrongfully prosecuted, and then makes unsupported and generalized claims of the prosecutor

admitting inadmissible evidence, failing to disclose inducements, falsifying evidence, failing to provide discovery, withholding favorable evidence, and acting in a conflict of interest. Finally, he makes various unsubstantiated and frivolous complaints concerning Magistrate Judge Michael J. Seng's actions in a previously-filed habeas case.

## DISCUSSION

A.  Procedural Grounds for Summary Dismissal

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.  See Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001).  A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted.  Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

B.  Failure to State a Cognizable Federal Claim

The basic scope of habeas corpus is prescribed by statute.  Title 28 U.S.C. § 2254(a) states:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court *only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States*.

(emphasis added).  See also Rule 1 to the Rules Governing Section 2254 Cases in the United States District Court.  Furthermore, Rule 2 of the Rules Governing Section 2254 Cases provides that the petition:

> "...shall specify all the grounds for relief which are available to the petitioner and of which he has or by the exercise of reasonable diligence should have knowledge and shall set forth in summary form the facts supporting each of the grounds thus specified."

Rule 2(c), Rules Governing Section 2254 Cases.  Petitioner must also clearly state the relief sought in the petition.  Id.

The instant petition fails to state a cognizable claim for relief.  The first claim concerning the California Supreme Court and the State Bar of California is completely vague and unintelligible.  Moreover, the Court has no jurisdiction in a federal habeas action to review the credentials of the members of the California Supreme Court or the State Bar of California.  The second and third claims do not present a cognizable claim because they do not set forth a specific claim for relief or any facts in support.  Broad, conclusory allegations of unconstitutionality are insufficient to state a cognizable claim.  Jones v. Gomez, 66 F.3d 199, 205 (9th Cir.1995); see also Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.1999) (citing Gray v. Netherland, 518 U.S. 152, 162-63 (1996) ("general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion)).  The fourth claim is frivolous and presents no basis for federal habeas review.  The petition should be summarily dismissed.

The Court notes that Petitioner has an ongoing habeas action in Hubbard v. Corcoran State Prison, Case No. 1:13-cv-01758-JLT-HC.  Normally, when a new petition is filed before the adjudication of a previously-filed petition is complete, the new petition is treated as a motion to amend the petition in the previously-filed action.  Woods v. Carey, 525 F.3d 886, 888-890 (9th Cir. 2008).  Here, however, the instant petition is wholly deficient in that there are no cognizable claims for relief.  Therefore, it would be futile to construe the instant petition as a proposed amended petition in the previously-filed petition.

The petition fails to state a cognizable federal claim.  To the extent that any tenable claim for relief could be made if leave to amend were granted, it would concern the same subject matter that is already under consideration in the previously-filed petition.  Therefore, Petitioner is advised to seek relief for his claims in the previously-filed action.  The instant petition should be dismissed.

## RECOMMENDATION

Accordingly, the Court HEREBY RECOMMENDS that the petition for writ of habeas corpus be DISMISSED for failure to state a claim cognizable under 28 U.S.C. § 2254.

This Findings and Recommendation is submitted to the Honorable Lawrence J. O'Neill, United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.

Within thirty (30) days after being served with a copy, Petitioner may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **February 4, 2014**            /s/ Gary S. Austin
                         UNITED STATES MAGISTRATE JUDGE